GENOVA BURNS GIANTOMASI & WEBSTER
James J. McGovern
Peter F. Berk
494 Broad Street
Newark, NJ 07102
TEL: (973) 533-0777
FAX: (973) 533-1112
Attorneys for Defendant,
HomeDeliveryLink, Inc.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HENRY BADIA, ALVIN BRANCH, JAMIE DELCID, JOSE MUNOZ, MIGUEL PUCA, GEORGE RODRIGUEZ and WALTER VELASQUEZ, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> HOMEDELIVERYLINK, INC., and MACY'S, INC., <br><br> Defendants. | CIVIL ACTION NO.: <br><br><br> Class Action Removal From: Superior Court of New Jersey Law Division, Middlesex County Case No. 6130-12 |

TO:  William T. Walsh, Clerk
     United States District Court
     District of New Jersey
     Clarkson S. Fisher Building and U.S. Courthouse
     402 East State Street, Room 2020
     Trenton, New Jersey 08608

     Anthony L. Marchetti, Jr., Esq.
     Marchetti Law, P.C.
     900 N. Kings Highway, Suite 306
     Cherry Hill, New Jersey 08034

     Harold Lichten, Esq.
     Lichten & Liss-Riordan, P.C.
     100 Cambridge Street, 20th Floor
     Boston, MA 02114

767679v1

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant, HomeDeliveryLink, Inc. ("HDL"), respectfully removes this case from the Superior Court of New Jersey, Law Division, Middlesex County, New Jersey (the "State Superior Court"), to the United States District Court for the District of New Jersey. In support of this removal, HDL states as follows:

1.  **The Action.** Plaintiffs filed their Complaint captioned *Henry Badia, Alvin Branch, Jamie Declid, Jose Munoz, Miguel Puca, George Rodriguez, and Walter Velasquez, on behalf of themselves and all others similarly situated, v. HomeDeliveryLink, Inc., and Macy's, Inc.*, Docket No. 6130-12 ("Complaint"), in the State Superior Court on August 30, 2012. The Complaint asserts causes of action for (1) a declaratory judgment; (2) violations of New Jersey's Wage Payment Law (N.J. Stat. §§ 34:11-4.2; 4.4); (3) violations of New Jersey's Wage and Hour Law (N.J. Stat. §§ 34:11-56a4); (4) unjust enrichment; and (5) quantum meruit. *Complaint*, ¶¶ 38-59. Copies of all of the pleadings and papers filed in the State Superior Court of which HDL is aware, are attached as *Exhibit A*.

2.  **Statutory Grounds for Removal.** This action is removable under 28 U.S.C. §1453. 28 U.S.C. § 1453 provides for the removal of state court civil actions over which U.S.

2

767679v1

District Courts have original jurisdiction.  As explained in more detail below, this Court has original jurisdiction over this case under 28 U.S.C. § 1332(d)(2) because this is a class action in which the proposed class includes at least 100 members, the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and at least one Plaintiff and one Defendant are citizens of different states.  For these reasons, this action is removable pursuant to 28 U.S.C. § 1453, which provides that a class action may be removed to federal court in accordance with 28 U.S.C. § 1446.

3.  **Citizenship of the Parties**.  Plaintiff Henry Badia alleges that he is a resident of New York, New York.  *Complaint*, ¶ 4.  He is therefore a citizen of New York.  Plaintiff Alvin Branch alleges that he is a resident of Irvington, New Jersey.  *Id.*, ¶ 5.  He is therefore a citizen of New Jersey.  Plaintiff Jamie Delcid alleges that he is a resident of Kearny, New Jersey.  *Id.*, ¶ 6.  He is therefore a citizen of New Jersey.  Plaintiff Jose Munoz alleges that he is a resident of Kearny, New Jersey.  *Id.*, ¶ 7.  He is therefore a citizen of New Jersey.  Plaintiff Miguel Puca alleges that he is a resident of Newark, New Jersey.  *Id.*, ¶ 8.  He is therefore a citizen of New Jersey.  Plaintiff George Rodriguez alleges that he is a resident of Bloomfield, New Jersey.  *Id.*, ¶ 9.  He is therefore a citizen of New Jersey.  Plaintiff Walter Velasquez alleges that he is a

3

resident of West Keansburg, New Jersey. *Id.*, ¶ 10. He is therefore a citizen of New Jersey.

Defendant HDL is a California corporation with its principal place of business in California. *Id.*, ¶ 2; *see also Declaration of Candy Levy* ("*Levy Decl.*"), ¶ 2, attached hereto as *Exhibit B*; *Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1192 (2010) ("We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's 'nerve center.' And in practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination").

Defendant Macy's, Inc. is a Delaware corporation with its principal place of business in New York, and additional principal offices in Ohio. *Declaration of Linda Balicki*, ¶ 3, attached hereto as *Exhibit C*. Defendant Macy's, Inc. is therefore a citizen of Delaware and New York.

Thus, the diversity requirement of 28 U.S.C. § 1332(d)(2)(A) is satisfied because at least one Plaintiff and one Defendant are citizens of different states.

**4.  The Aggregate Number of the Proposed Class - 28 U.S.C. § 1332(d)(5)(B).**

767679v1

Plaintiffs define the proposed class to consist of "all individuals like the Plaintiffs who perform delivery services for HDL as delivery drivers and/or who have performed such services in and from New Jersey" "during the applicable statutory period." *Complaint*, ¶¶ 33, 34. Based on a review of its business records, HDL has determined that the aggregate number of those within Plaintiffs' class definition (the "Proposed Class") is more than the 100 members or greater required by 28 U.S.C. § 1332(d)(5)(B). *Levy Decl.*, ¶ 3.

5.  **Amount in Controversy - 28 U.S.C. §§ 1332(d)(2)**. Although HDL denies all of Plaintiffs' material allegations, the amount in controversy exceeds the $5,000,000 jurisdictional threshold under 28 U.S.C. § 1332(d)(2) by virtue of the Complaint's allegations.

Plaintiffs allege that "Defendants pass on (sic) Plaintiffs and the other delivery drivers many of Defendants' costs of business" such as "certain expenses directly from payments to delivery drivers, including deductions for insurances…." *Complaint*, ¶ 26. Plaintiffs seek recovery of these alleged "costs of business" and "deductions." *Id.*, ¶¶ 43, 48, 54, 58.

A review of HDL's business records shows that between August 30, 2006, and October 22, 2012, deductions in the amount of $5,338,105 were made for insurance for which Plaintiffs seek damages. *Levy Decl.*, ¶ 4. Accordingly, the amount in

5

controversy exceeds the $5,000,000 jurisdictional threshold under 28 U.S.C. § 1332(d)(2).

6.   **Timeliness of Removal.**   Pursuant to 28 U.S.C. § 1446(b), a defendant must file its notice of removal within 30 days of receiving a copy of the complaint.   HDL was served with a copy of the Complaint on October 3, 2012.   Thirty-days from October 3, 2012 is November 2, 2012.   Due to Hurricane Sandy, on November 1, 2012, this Court issued Standing Order 12-2 In Re Hurricane Emergency, in which this Court "declare[d] the inaccessibility of all Clerk's Offices for purposes of Federal Rule of Civil Procedure 6(a)(3) … from October 29, 2012 through and including November 5, 2012, unless further extended by Court Order due to exigent circumstances."   In the Standing Order, the Court further noted that "Election Day, November 6, 2012, is a legal holiday by Court Order" and "[t]he next accessible day may be November 7, 2012, or such later date if extended by further order."   HDL's Notice of Removal is therefore timely filed on this date, November 7, 2012.   Fed. R. Civ. P. 6(a)(3)(A); *Murphy Bros., Inc. v. Marchetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

7.   **Notice of Removal to Adverse Parties and to State Court Clerk.**   Pursuant to 28 U.S.C. § 1446(d), HDL will give written notice of the removal to Plaintiffs and to the Clerk of the State Superior Court.   Specifically, promptly after filing

6

this Notice of Removal, HDL shall send a Notice of Removal to Adverse Parties and State Court Clerk, a true and correct copy of which is attached hereto as *Exhibit D*.

8. **No Waiver**. By filing this Notice of Removal, HDL does not waive any defenses available to it.

Respectfully submitted,

s/Peter F. Berk
James J. McGovern
Peter Berk
Genova Burns Giantomasi & Webster
494 Broad Street
Newark, NJ 07102
Tel: (973) 533-0777
Fax: (973) 533-1112
www.genovaburns.com

767679v1

# Exhibit A

# Marchetti Law, P.C.

A PROFESSIONAL CORPORATION



CIVIL RECORDS
N.J. SUPERIOR COURT
MIDDLESEX VICINAGE

2012 AUG 30 A 9:39

FILED & RECEIVED #4

Anthony L. Marchetti, Jr. Esq.
Certified by the Supreme Court of New Jersey as a Civil Trial Attorney
Also admitted to practice in PA
www.MarchettiLawFirm.com
AMarchetti@MarchettiLawFirm.com

900 N. Kings Hwy., Suite 306
Cherry Hill, NJ 08034
856-824-1001
856-414-1800
856-414-1806 fax

Via NJLS

August 29, 2012

Clerk, Law Division
Superior Court of New Jersey, Middlesex County
56 Paterson Street
New Brunswick, NJ 08903

**Re:** **Henry Badia, et al v. Home Delivery Link, Inc and Macy's, Inc.**

Dear Sir/Madam:

Enclosed original and 2 copies of a CIS and Complaint for filing in the above referenced matter.

I have included our check in the amount of $200.00 to cover the filing fee. Please mark one copy filed and return to me in the enclosed envelope.

Thank you for your assistance. Please do not hesitate to contact me should you have any questions.

Sincerely,

Anthony L. Marchetti, Jr.

ALM:dsc
Encl.
Cc: Harold Lichten, Esq. (w/encl.) (via regular mail)

Appendix XII-B1

## CIVIL CASE INFORMATION STATEMENT (CIS)



Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
**Pleading will be rejected for filing, under *Rule* 1:5-6(c),**
**if information above the black bar is not completed**
**or attorney's signature is not affixed**

| FOR USE BY CLERK'S OFFICE ONLY |
|---|
| PAYMENT TYPE: □ CK □ CG □ CA |
| CHG/CK NO. |
| AMOUNT: |
| OVERPAYMENT: |
| BATCH NUMBER: |

CIVIL RECORDS
SUPERIOR COURT
MIDDLESEX VICINAGE

2012 AUG 30 A 9:39

FILED & RECEIVED #4

| ATTORNEY / PRO SE NAME<br>Anthony L. Marchetti, Jr. | TELEPHONE NUMBER<br>(856) 824-1001 | COUNTY OF VENUE<br>Middlesex |
|---|---|---|

| FIRM NAME (If applicable)<br>Marchetti Law, P.C. | DOCKET NUMBER (when available)<br>L-6130-18 |
|---|---|

| OFFICE ADDRESS<br>900 N. Kings Hwy., Suite 306<br>Cherry Hill, NJ 08034 | DOCUMENT TYPE<br>Complaint |
|---|---|
| | JURY DEMAND ☒ YES □ No |

| NAME OF PARTY (e.g., John Doe, Plaintiff)<br>HENRY BADIA, et al, Plaintiffs | CAPTION<br>HENRY BADIA, et al v. HOME DELIVERY LINK, INC., and MACY'S, INC. |
|---|---|

| CASE TYPE NUMBER (See reverse side for listing)<br>509 | IS THIS A PROFESSIONAL MALPRACTICE CASE? □ YES ☒ NO<br>IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
|---|---|

| RELATED CASES PENDING?<br>□ Yes ☒ No | IF YES, LIST DOCKET NUMBERS |
|---|---|

| DO YOU ANTICIPATE ADDING ANY PARTIES<br>(arising out of same transaction or occurrence)?<br>□ Yes ☒ No | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known)<br>□ NONE<br>☒ UNKNOWN |
|---|---|

| THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE. |
|---|

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?<br>☒ YES □ No | IF YES, IS THAT RELATIONSHIP:<br>☒ EMPLOYER/EMPLOYEE  □ FRIEND/NEIGHBOR  □ OTHER (explain)<br>□ FAMILIAL  □ BUSINESS |
|---|---|

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? ☒ YES □ No |
|---|

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION
Putative Class Action.

| | DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?<br>□ Yes ☒ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|---|
| | WILL AN INTERPRETER BE NEEDED?<br>□ Yes ☒ No | IF YES, FOR WHAT LANGUAGE? |

| I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b). |
|---|
| ATTORNEY SIGNATURE: |



**Side 2**

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
### Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

Track I - **150 days' discovery**
151 NAME CHANGE
175 FORFEITURE
302 TENANCY
399 REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
502 BOOK ACCOUNT (debt collection matters only)
505 OTHER INSURANCE CLAIM (including declaratory judgment actions)
506 PIP COVERAGE
510 UM or UIM CLAIM (coverage issues only)
511 ACTION ON NEGOTIABLE INSTRUMENT
512 LEMON LAW
801 SUMMARY ACTION
802 OPEN PUBLIC RECORDS ACT (summary action)
999 OTHER (briefly describe nature of action)

Track II - **300 days' discovery**
305 CONSTRUCTION
509 EMPLOYMENT (other than CEPA or LAD)
599 CONTRACT/COMMERCIAL TRANSACTION
603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
605 PERSONAL INJURY
610 AUTO NEGLIGENCE – PROPERTY DAMAGE
621 UM or UIM CLAIM (includes bodily injury)
699 TORT – OTHER

Track III - **450 days' discovery**
005 CIVIL RIGHTS
301 CONDEMNATION
602 ASSAULT AND BATTERY
604 MEDICAL MALPRACTICE
606 PRODUCT LIABILITY
607 PROFESSIONAL MALPRACTICE
608 TOXIC TORT
609 DEFAMATION
616 WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
617 INVERSE CONDEMNATION
618 LAW AGAINST DISCRIMINATION (LAD) CASES

Track IV - **Active Case Management by Individual Judge / 450 days' discovery**
156 ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
303 MT. LAUREL
508 COMPLEX COMMERCIAL
513 COMPLEX CONSTRUCTION
514 INSURANCE FRAUD
620 FALSE CLAIMS ACT
701 ACTIONS IN LIEU OF PREROGATIVE WRITS

**Centrally Managed Litigation (Track IV)**
285 STRYKER TRIDENT HIP IMPLANTS
288 PRUDENTIAL TORT LITIGATION
289 REGLAN
290 POMPTON LAKES ENVIRONMENTAL LITIGATION

291 PELVIC MESH/GYNECARE
292 PELVIC MESH/BARD
293 DEPUY ASR HIP IMPLANT LITIGATION
295 ALLODERM REGENERATIVE TISSUE MATRIX
623 PROPECIA

**Mass Tort (Track IV)**
266 HORMONE REPLACEMENT THERAPY (HRT)
271 ACCUTANE/ISOTRETINOIN
274 RISPERDAL/SEROQUEL/ZYPREXA
278 ZOMETA/AREDIA
279 GADOLINIUM

281 BRISTOL-MYERS SQUIBB ENVIRONMENTAL
282 FOSAMAX
284 NUVARING
286 LEVAQUIN
287 YAZ/YASMIN/OCELLA
601 ASBESTOS

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1,
in the space under "Case Characteristics.

**Please check off each applicable category**   ☒ Putative Class Action   ☐ Title 59

MARCHETTI LAW, P.C.
Anthony L. Marchetti, Jr., Esquire
900 N. Kings Highway, Suite 306
Cherry Hill, NJ 08034
267-219-4838 (fax)
AMarchetti@MarchettiLawFirm.com

CIVIL RECORDS
N.J. SUPERIOR COURT
MIDDLESEX VICINAGE

2012 AUG 30  A 9:39

FILED & RECEIVED #4

| | |
|---|---|
| HENRY BADIA, ALVIN BRANCH, JAMIE DELCID, JOSE MUNOZ, MIGUEL PUCA, GEORGE RODRIGUEZ , and WALTER VELASQUEZ, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>            v.<br><br>HOME DELIVERY LINK, INC., and MACY'S, INC.,<br><br>    Defendants. | SUPERIOR COURT OF NEW JERSEY<br><br>LAW DIVISION  6130-12<br><br>MIDDLESEX COUNTY<br><br>CIVIL ACTION NO.:<br><br>CLASS ACTION COMPLAINT AND JURY DEMAND |

## COMPLAINT

I.    INTRODUCTION.

1.    This is an action brought on behalf of current and former delivery drivers of Defendants Home Delivery Link, Inc. ("HDL") and Macy's, Inc., challenging Defendants' unlawful misclassification of delivery drivers working in New Jersey as independent contractors rather than employees.  The named plaintiffs bring this action on behalf of themselves and on behalf of a class of similarly situated persons who have worked as delivery drivers in New Jersey for statutory and common law violations including and stemming from this misclassification.

II.    THE PARTIES.

2. Defendant HDL is a corporation organized under the laws of California with a principal office in San Juan Capistrano, California.

3. Defendant Macy's, Inc. is a corporation organized under the laws of Delaware with corporate offices in Cincinnati, Ohio and New York, New York. It operates department stores throughout the nation under the "Macy's" and "Bloomingdale" names.

4. Plaintiff Henry Badia is an adult resident of New York, New York. For more than five years, he has worked for HDL as a driver delivering furniture for Macy's, Inc. department stores from a Macy's, Inc. warehouse in Edison, New Jersey.

5. Plaintiff Alvin Branch is an adult resident of Irvington, New Jersey. For more than five years, he has worked for HDL as a driver delivering furniture for Macy's, Inc. department stores from a Macy's, Inc. warehouse in Edison, New Jersey.

6. Plaintiff Jamie Delcid is an adult resident of Kearny, New Jersey. For more than five years, he has worked for HDL as a driver delivering furniture for Macy's, Inc. department stores from a Macy's, Inc. warehouse in Edison, New Jersey.

7. Plaintiff Jose Nunoz is an adult resident of Kearny, New Jersey. For more than three years, he has worked for HDL as a driver delivering furniture for Macy's, Inc. department stores from a Macy's, Inc. warehouse in Edison, New Jersey.

8. Plaintiff Miguel Puca is an adult resident of Newark, New Jersey. He worked for HDL as a driver delivering furniture for Macy's, Inc. department stores from a Macy's, Inc. warehouse in Edison, New Jersey for approximately one and a half years.

9. Plaintiff George Rodriguez is an adult resident of Bloomfield, New Jersey. For more than five years, he has worked for HDL as a driver delivering furniture for Macy's, Inc. department stores from a Macy's, Inc. warehouse in Edison, New Jersey.

2

10.     Plaintiff Walter Velasquez is an adult resident of West Keansburg, New Jersey. For more than five years, he has worked for HDL as a driver delivering furniture for Macy's, Inc. department stores from a Macy's, Inc. warehouse in Edison, New Jersey.

11.     The above-named plaintiffs bring this action on their own behalf as well as on behalf of a class of similarly-situated individuals, namely, all other persons who have worked for HDL as delivery drivers operating in and out of New Jersey, and who have been classified as independent contractors rather than employees.

## III.     JURISDICTION AND VENUE

12.     This Court has original jurisdiction over the subject matter of this action pursuant to N.J.S.A. Const. Art. 6, § 3, ¶ 2.

13.     This Court has personal jurisdiction over the parties to this action pursuant to New Jersey Rules of Court R. 4:4-4.

14.     Venue in this county is appropriate pursuant to New Jersey Rules of Court R. 4:3-2.

## IV.     STATEMENT OF FACTS

15.     HDL provides residential delivery services for merchants in the home appliance and home furnishings industries, including Macy's, Inc.  In order to provide these delivery services, HDL purports to contract with individuals such as Plaintiffs to drive delivery trucks full-time and deliver retail merchandise to customers' residences.

16.     Macy's, Inc. has a warehouse, which it either owns or leases, in Edison, New Jersey (the "Edison Warehouse") from which drivers working for HDL deliver Macy's, Inc. merchandise to residences in New Jersey, New York, Pennsylvania, and Connecticut.

3

17.   Macy's, Inc. employees perform a variety of functions in the Edison Warehouse, including warehousing functions, i.e., unloading and storing merchandise that is transported to the Warehouse for final delivery to retail customers.

18.   HDL provides deliveries from the Edison Warehouse to retail customers through Plaintiffs and other delivery drivers. HDL has an office in the Edison Warehouse for organizing and conducting these delivery operations.

19.   Plaintiffs, as well as other delivery drivers whom they seek to represent in this action, deliver or formerly delivered Macy's, Inc. merchandise for HDL from the Edison Warehouse to residences in New Jersey, New York, Pennsylvania, and Connecticut.

20.   HDL classified Plaintiffs as independent contractors and required agreements from them stating that they are independent contractors.

21.   HDL requires the delivery drivers with whom it contracts to provide trucks, which drivers either own or lease.

22.   HDL's drivers make regular deliveries from the Edison Warehouse five days a week, Tuesdays through Saturdays. Approximately 55 to 60 trucks make deliveries from the Warehouse on these days.

23.   On Mondays, some HDL drivers − typically 15 to 20 − deliver merchandise to retail customers from Macy's and Bloomingdale's stores rather than from the Edison Warehouse.

24.   Although HDL classifies the Plaintiffs and the other delivery drivers whom they seek to represent in this action as independent contractors, the control that both HDL and Macy's, Inc. retained and manifested over the drivers demonstrates that the drivers are Defendants' employees. Such control includes, but is not limited to, the following:

4

a. HDL requires Plaintiffs and the other delivery drivers to use helpers whom HDL must approve to assist them in making deliveries. On occasion, HDL has required drivers to terminate certain helpers.

b. Plaintiffs and the other delivery drivers are required to report to the Edison Warehouse early in the morning, Tuesdays through Saturdays, at which time HDL provides Plaintiffs with manifests listing the deliveries to be made that day.

c. Plaintiffs and the other delivery drivers then load their trucks with the merchandise to be delivered that day. They are required to leave the Edison Warehouse by 7:00 a.m., and if they do not leave by that time, they are "fined" or otherwise disciplined.

d. The manifests received by Plaintiffs and the other delivery drivers instruct them as to the retail customers to whom and the locations where deliveries are to be made, the order in which the deliveries are to be made, and the time frames within which the deliveries are to be made. Plaintiffs and the other delivery drivers have no say with respect to the creation of these manifests. That is, among other things, they have no say with respect to the number of deliveries they must make on a given day, the order in which they must make them, or the time frames within which they must make them. They do not negotiate with retail customers regarding the rates charged for their services, and they do not contract with the customers independent of HDL and Macy's, Inc.

e. Before leaving the Edison Warehouse, Plaintiffs and the other delivery drivers must meet with Macy's, Inc. employees to obtain gate passes that allow them to leave the premises. During these meetings, the Macy's, Inc. employees typically

require Plaintiffs and the other delivery drivers to "role-play" deliveries; during these role-playing sessions, the Macy's, Inc. employees offer instruction on making deliveries and on interacting with retail customers.

f. Macy's, Inc. employees also evaluate delivery drivers' appearances and occasionally require drivers to alter their appearances before leaving the Edison Warehouse premises. For example, Macy's, Inc. employees have required drivers with beard stubble on their faces to shave before leaving.

g. Plaintiffs and the other delivery drivers are required to wear black uniforms, including black shoes, when making deliveries. On occasion, Macy's, Inc. employees have required drivers to paint non-black shoes with black spray paint before they will give the drivers the gate passes needed to leave the Edison Warehouse premises.

h. The uniforms that Plaintiffs and the other delivery drivers are required to wear when making deliveries bear either a Macy's or a Bloomingdale's logo. When making deliveries for Macy's stores, drivers are required to wear shirts bearing a Macy's logo. When making deliveries for Bloomingdale's stores, drivers are required to wear shirts bearing a Bloomingdale's logo. When a driver makes deliveries for both types of stores, he is required to change shirts, so that he is wearing a Macy's-logoed shirt when making deliveries for Macy's stores and a Bloomingdale's-logoed shirt when making deliveries for Bloomingdale's stores.

i. The trucks used for deliveries are required to have, on both sides and on the rears of the boxes, either Macy's or Bloomingdale's logos.

6

j.  Plaintiffs and the other delivery are required to be in contact with HDL dispatchers regarding the status of deliveries throughout the day.  They are required to carry communications devices for keeping HDL informed of their progress.  For each delivery stop, drivers are required to communicate to HDL when they arrive at and when they leave from retail customers' residences.  If drivers encounter any problems with a delivery, they are required to communicate with HDL for instructions.

k.  In addition, HDL tracks drivers' locations through global position system (GPS) instrumentation on the communications devices that drivers carry.

l.  Plaintiffs and the other delivery drivers are required to get signatures from customers when deliveries are made.

25.  Plaintiffs and the other delivery drivers are paid approximately $500 per day when making deliveries for Bloomingdale's stores and approximately $25 to $30 per stop while making deliveries for Macy's stores.

26.  Defendants pass on Plaintiffs and the other delivery drivers many of Defendants' costs of business.  Among other things, Defendants compel Plaintiffs to incur expenses associated with delivering merchandise from the Edison Warehouse, such as fuel costs, vehicle maintenance costs, and payments to helpers.  HDL also deducts certain expenses directly from payments to delivery drivers, including deductions for insurances, administrative costs, for purported "dock fees" just for bringing their trucks into the Edison Warehouse for loading, and for purported "trash fees" for bringing back to the Warehouse packaging materials and other trash resulting from the performance of deliveries.

7

27.     When Defendants determine, in their sole discretion, that a delivery has been made in a manner they deem to be unsatisfactory (e.g., damaged goods, damage to customer property), HDL deducts the costs of such damage from the compensation paid to drivers, who cannot appeal such deductions.

28.     Plaintiffs and the other delivery drivers are not free from the control and direction of Defendants in the performance of their delivery services.  Defendants exercise extensive control over drivers' performances.

29.     The services performed by Plaintiffs and the other delivery drivers are not outside the usual course of Defendants' businesses and are in fact integral to those businesses.  Indeed, the work performed by delivery drivers is essentially the whole of HDL's business.

30.     Plaintiffs and the other delivery drivers are not customarily engaged in an independently established trade, occupation, profession or business.  Especially given the full-time nature of their work and the Macy's and Bloomingdale's logos on their trucks, Plaintiffs and the other delivery drivers are dependent upon Defendants for their work and are unable to offer delivery services to other employers.

31.     The workday for HDL's drivers typically lasts 12 hours or longer.  HDL's drivers regularly work more than 40 hours per week.

32.     Plaintiffs and the other delivery drivers are paid flat fees for their services.  If they are making deliveries for Bloomingdale's, they are paid approximately $500 per day.  If they are making deliveries for Macy's, they are paid approximately $25 to $30 per stop.  Defendants do not pay any overtime wages to Plaintiffs and the other delivery drivers for hours worked in excess of 40 in a week.

## CLASS ALLEGATIONS

33.  Plaintiffs bring this action individually and on behalf of a class of individuals similarly situated. The class of individuals similarly situated are all individuals like the Plaintiffs who perform delivery services for HDL as delivery drivers and/or who have performed such services in and from New Jersey.

34.  The putative class meets the prerequisites for class actions set forth in New Jersey Rules of Court R. 4:32-1. At least 80 drivers have performed delivery services for HDL in and from New Jersey during the applicable statutory period, rendering joinder of all members impracticable.

35.  There are questions of law and fact common to the putative class, especially with respect to the issue of misclassification. Plaintiffs' claims related to their misclassification are not only typical of the claims of putative class members, they are identical.

36.  Plaintiffs, whose interests are aligned precisely with those of the other members of the putative class, and their counsel, who have been class counsel in many similar cases, will fairly and adequately protect the interests of the putative class.

37.  Common issues, such as whether HDL's policy of classifying all drivers as independent contractors rather than employees, predominate over any individualized issues. and a class action is the superior method of trying these claims.

9

## COUNT I

### Declaratory Judgment

38.     As set forth above, Defendants have classified Plaintiffs and the other delivery drivers whom Plaintiffs seek to represent as independent contractors rather than employees in violation of New Jersey law.

39.     There exists an actual controversy among the parties as to whether this classification violates New Jersey Law.

40.     This controversy would be terminated by the rendering of a declaration pursuant to N.J. Stat. § 2A:16-52 that Defendants' classification of Plaintiffs and the other delivery drivers as independent contractors violates New Jersey Law.

## COUNT II

### Violation of Wage Payment Law (N.J. Stat. § 34:11-4.2)

41.     Plaintiffs repeat each and every preceding allegation as if set forth at full herein.

42.     Defendants misclassified Plaintiffs as contractors when they were actually employees under New Jersey law entitled to the protections and benefits of New Jersey and federal law.

43.     By passing on, as set forth above, certain costs of business to Plaintiffs and the other delivery drivers whom Plaintiffs seek to represent, including by means of deductions for business expenses Defendants should bear and deductions for alleged damages for improperly performed deliveries, Defendants do not pay Plaintiffs and the other delivery drivers the full

amount of wages due at least twice each calendar month as required by the Wage Payment Law, N.J. Stat. § 34:11-4.2.

44.     Plaintiffs and the members of the Class suffered damages as a result of Defendants' actions.

45.     Plaintiffs are entitled to bring a private action for Defendants' violations of the Wage Payment Law.

## COUNT III

### Violation of Wage Payment Law (N.J. Stat. § 34:11-4.4)

46.     Plaintiffs repeat each and every preceding allegation as if set forth at full herein.

47.     Defendants made extensive and regular improper deductions from Plaintiffs' pay and the pay of the members of the Class.

48.     By making deductions for business expenses they should bear and for alleged damage for improperly performed deliveries, Defendants have violated the Wage Payment Law, including N.J. Stat. § 34:11-4.4, which prohibits employers from withholding or diverting any portion of employees' wages except for reasons expressly set forth in the statute, none of which authorize the deductions of which Plaintiffs complain._Plaintiffs and the members of the Class suffered damages as a result of Defendants' actions.

## COUNT IV

### Violation of Wage and Hour Law (N.J. Stat. § 34:11-56a4)

49.     Plaintiffs repeat each and every preceding allegation as if set forth at full herein.

11

50.     By failing, as set forth above, to pay Plaintiffs and the other delivery drivers whom Plaintiffs seek to represent overtime wages for hours worked in excess of 40 hours in a week, Defendants have violated N.J. Stat. § 34:11-56a4.

51.     Plaintiffs and the members of the Class suffered damages as a result of Defendants' actions.

## COUNT V

### Unjust Enrichment

52.     Plaintiffs repeat each and every preceding allegation as if set forth at full herein.

53.     The agreements between Defendants and the Plaintiffs, in which Defendants purport to classify Plaintiffs as contractors is void as they violate public policy, are contracts of adhesion, violate New Jersey and federal employee protection laws, are the product of unequal bargaining powers, fraud, mistake and/or illegal conduct, are void as illegal, are subject to rescission and/or are otherwise unenforceable

54.     The actions of Defendants as set forth above result in unjust enrichment to them in that Defendants are benefited by the delivery services performed by Plaintiffs and the other delivery drivers whom Plaintiffs seek to represent, but Defendants shift numerous business costs and expenses for which they should be responsible onto the shoulders of Plaintiffs and the other delivery drivers.

55.     Plaintiffs and the members of the Class suffered damages as a result of Defendants' actions.

12

## COUNT VI

### Quantum Meruit

56.     Plaintiffs repeat each and every preceding allegation as if set forth at full herein .

57.     As set forth above, the agreements between Plaintiffs and Defendants are void and unenforceable.

58.     As set forth above, Plaintiffs and the other delivery drivers whom they seek to represent have performed delivery services in good faith for Defendants, which service Defendants have accepted, but Defendants have deprived Plaintiffs and the other delivery drivers of the fair value of their services.

59.     Hence, Plaintiffs and the other delivery drivers are entitled to recover in quantum meruit the fair value of their services.

WHEREFORE, Plaintiffs pray that this Court:

(1) certify this action as a class action under New Jersey Rules of Court R. 4:32-1;

(2) issue a declaratory judgment that Defendants' classification of Plaintiffs and the other delivery drivers whom Plaintiffs seek to represent violates New Jersey law;

(3) grant Plaintiffs and the other members of the putative class appropriate compensatory relief, in amounts to be determined at trial;

(4) grant Plaintiffs and the other members of the putative class attorneys' fees, costs, and interest, costs, and

(5) grant Plaintiffs and the other members of the putative class such other relief as the Court may deem just and appropriate.

> HENRY BADIA ET AL., individually and on behalf of a class of persons similarly situated, Plaintiffs,
>
> By their attorneys,
>
>
> Anthony L. Marchetti, Jr.
> Marchetti Law, P.C.
> 900 N. Kings Highway, Suite 306
> Cherry Hill, NJ 08034
> (856) 414-1800
> AMarchetti@MarchettiLawFirm.com
>
>
> Harold L. Lichten (Boston Bar Org. # 549689)
> (*Pro Hac Vice Admission Pending*)
> Michael S. Rabieh (Boston Bar Org. # 654737)
> (*Pro Hac Vice Admission Pending*)
> LICHTEN & LISS-RIORDAN, P.C.
> 100 Cambridge Street, 20th Floor
> Boston, MA 02114
> (617) 994 5800
> hlichten@llrlaw.com
> mrabieh@llrlaw.com

14

## JURY TRIAL DEMAND

Plaintiffs demand a trial by jury as to all issues so triable.

_____

Anthony L. Marchetti, Jr.
Marchetti Law, P.C.
900 N. Kings Highway, Suite 306
Cherry Hill, NJ 08034
(856) 414-1800
AMarchetti@MarchettiLawFirm.com

## DESIGNATION OF TRIAL COUNSEL

Anthony L. Marchetti, Jr. is hereby designated as trial counsel in the above captioned litigation on behalf of the Plaintiffs.

_____

Anthony L. Marchetti, Jr.
Marchetti Law, P.C.
900 N. Kings Highway, Suite 306
Cherry Hill, NJ 08034
(856) 414-1800
AMarchetti@MarchettiLawFirm.com

15

<u>RULE 4:5-1 CERTIFICATION</u>

1.    Following my initial review of this matter, it appears that there are no other actions or arbitrations related to this suit pending or presently contemplated.

2.    Following my initial review of this matter, it appears that there are no other persons who should be joined as parties in this action.

Anthony L. Marchetti, Jr.
Marchetti Law, P.C.
900 N. Kings Highway, Suite 306
Cherry Hill, NJ 08034
(856) 414-1800
AMarchetti@MarchettiLawFirm.com

16



# Exhibit B

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HENRY BADIA, ALVIN BRANCH, JAMIE DELCID, JOSE MUNOZ, MIGUEL PUCA, GEORGE RODRIGUEZ, and WALTER VELASQUEZ, on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No.: _____ ) |
| HOMEDELIVERYLINK, INC., and MACY'S, INC., | ) **Declaration of Candy Levy in** ) **Support of Defendant** ) **HomeDeliveryLink, Inc.'s Notice** |
| Defendants. | ) **of Removal to Federal Court** ) |

## DECLARATION

Candy Levy, being first duly sworn upon her oath, states the following:

1.  I am the Vice President of Administration and Controller for HomeDeliveryLink, Inc. ("HDL"), and submit this Declaration in support of its Notice of Removal. In my position as the Vice President of Administration and Controller I have access to business records storing information on independent contractors with whom HDL contracts. The following facts are based upon my personal knowledge and my review and analysis of business records, and I would be competent to testify regarding the same.

2.  HDL is a California corporation with its principal place of business in California.

3.  According to HDL's business records, between August 30, 2006 and October 22, 2012, the aggregate number of independent contractors contracting with HDL and operating in and from New Jersey (the "New Jersey Contractors") is at least 150.

4.  HDL's business records indicate that between August 30, 2006 and October 22, 2012, $5,338,105 in insurance deductions were made relating to the New Jersey Contractors.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and accurate to the best of my knowledge, and that this declaration was executed on this ___ day of November, 2012.

Candy Levy

# Exhibit C

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

HENRY BADIA, ALVIN BRANCH, JAMIE DELCID, JOSE MUNOZ, MIGUEL PUCA, GEORGE RODRIGUEZ, and WALTER VELASQUEZ, on behalf of themselves and all others similarly situated,

        Plaintiffs,

        v.

HOMEDELIVERYLINK, INC., and MACY'S, INC.,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: _____

**Declaration of Linda Balicki in Support of Defendant HomeDeliveryLink, Inc.'s Notice of Removal to Federal Court**

## DECLARATION

Linda Balicki, being first duly sworn upon her oath, states the following:

1.    I am presently an Assistant Secretary for Macy's, Inc. I am also an attorney in Macy's Law Department. My practice is concentrated in the corporate structure and governance area. I currently hold the title of Vice President.

2.    I submit this Declaration in support of HomeDeliveryLink, Inc.'s Notice of Removal. The following facts are based upon my personal knowledge, and I would be competent to testify regarding the same.

3.    Macy's, Inc. is a Delaware corporation with its principal place of business in New York. The company has additional principal offices in Ohio.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and accurate to the best of my knowledge, and that this declaration was executed on this 5th day of November, 2012.

Linda Balicki

# Exhibit D

**GENOVA BURNS GIANTOMASI & WEBSTER**
James J. McGovern
Peter F. Berk
494 Broad Street
Newark, NJ 07102
TEL: (973) 533-0777
FAX: (973) 533-1112
Attorneys for Defendant,
HomeDeliveryLink, Inc.

| | |
|---|---|
| HENRY BADIA, ALVIN BRANCH, JAMIE DELCID, JOSE MUNOZ, MIGUEL PUCA, GEORGE RODRIGUEZ and WALTER VELASQUEZ, on behalf of themselves and all others similarly situated,<br><br>                Plaintiffs,<br><br>vs.<br><br>HOMEDELIVERYLINK, INC., and MACY'S, INC.,<br><br>Defendants. | **SUPERIOR COURT OF NEW JERSEY MIDDLESEX COUNTY: LAW DIVISION**<br><br>**DOCKET NO. MID- L-6130-12**<br><br>**CIVIL ACTION**<br><br><br>**NOTICE OF REMOVAL** |

TO:   Clerk of the Court
       Superior Court of New Jersey
       Middlesex County-Law Division
       56 Paterson Street
       New Brunswick, NJ 07306

       Anthony L. Marchetti, Jr., Esq.
       Marchetti Law, P.C.
       900 N. Kings Highway, Suite 306
       Cherry Hill, New Jersey 08034

       Harold Lichten, Esq.
       Lichten & Liss-Riordan, P.C.
       100 Cambridge Street, 20th Floor
       Boston, MA 02114

In accordance with 28 U.S.C. § 1446(d), Defendant, HomeDeliveryLink, Inc.,

respectfully files with you a copy of its Notice of Removal of this action to the United States

767780v1

District Court for the District of New Jersey (the "Notice"). The Notice has been filed in the United States District Court, and a copy of the Notice is attached hereto.

In accordance with 28 U.S.C. § 1446(d), the filing of the copy of this Notice effectuates the removal of this action from the State Court to the United States District Court, and "the State Court shall proceed no further unless and until this case is remanded."

Respectfully submitted,

James J. McGovern
Peter Berk
GENOVA BURNS GIANTOMASTI & WEBSTER
494 Broad Street
Newark, NJ 07102
Tel: (973) 533-0777
Fax: (973) 533-1112
www.genovaburns.com