UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **HENRY BADIA, ALVIN BRANCH, JAMIE DELCID, JOSE MUNOZ, MIGUEL PUCA, GEORGE RODRIQUEZ, and WALTER VELASQUEZ**, on behalf of themselves and all others similarly situated,<br><br>           Plaintiffs,<br><br>      v.<br><br>**HOMEDELIVERY LINK, INC. and MACY'S INC.**,<br><br>           Defendants. | Civ. No. 2:12-cv-06920 (WJM)<br>(Consolidated)<br><br><br>**OPINION** |
| **CAMILLO ECHAVARRIA**, on behalf of herself and all others similarly situated,<br><br>           Plaintiff,<br><br>      v.<br><br>**HOMEDELIVERY LINK, INC. and MACY'S INC.**,<br><br>           Defendants. | Civ. No. 2:12-cv-07097 (WJM)<br>(Consolidated) |
| **HOMEDELIVERY LINK, INC.**,<br><br>           Counterclaimant,<br><br>      v.<br><br>**HENRY BADIA, ALVIN BRANCH, JOSE MUNOZ, and MIGUEL PUCA**,<br><br>           Counterclaim Defendants. | |

1

| |
|---|
| **HOMEDELIVERY LINK, INC.,** |
| Third-Party Plaintiff, |
| v. |
| **MELIAN TRUCKING CORP., G ROD TRUCKING, INC. and SHORTY'S TRUCKING CORP.,** |
| Third-Party Defendants. |

**WILLIAM J. MARTINI, U.S.D.J.:**

At issue in this putative class action is whether Plaintiffs were misclassified as independent contractors when they were actually employees. Now before the Court are two motions to dismiss claims for indemnification. First, Plaintiffs Jamie Delcid, George Rodriguez, and Walter Velasquez, move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Counterclaimant/Third-Party Plaintiff Homedelivery Link, Inc.'s ("HDL's") Third-Party Complaint for indemnification. Second, Plaintiffs/Counterclaim Defendants Henry Badia, Alvin Branch, Jose Munoz, and Miguel Puca move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss HDL's Counterclaim for indemnification. There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, the motion to dismiss the Third-Party Complaint is **DENIED**. The motion to dismiss the Counterclaim is **GRANTED IN PART**, and **DENIED IN PART**.

I.   **BACKGROUND**

The Plaintiffs in this consolidated case are Henry Badia, Alvin Branch, Jamie Delcid, Jose Munoz, Miguel Puca, George Rodriguez, Walter Velasquez, as well as Camillo Echavarria, who does not join the instant motion and who will be disregarded for purposes of this opinion. The Defendants in this case are HDL and Macy's.[1] HDL provides residential delivery services for Macy's. Compl. ¶ 15, ECF No. 1. Pursuant to contract, Plaintiffs work or worked as delivery drivers for HDL. *Id.* ¶ 19. Plaintiffs Badia, Branch, Munoz, and Puca signed the contracts with HDL their own names. Answer, Exs. A-D, ECF No. 40-1. Plaintiff George Rodriguez contracted with HDL through Rodriguez's company, Third-Party Defendant G Rod Trucking, Inc. *Id.* at Ex. E.[2] Plaintiff

---

[1]  Nothing in this opinion should be construed as ruling, one way or another, on Macy's obligations or lack of obligations under the Contracts.

[2]  The contract attached as Exhibit G names only Rodriguez, not G Rod Trucking. However, the parties agree that Rodriguez contracted with HDL through G Rod Trucking. *See* Opp. Br. at 1

2

Jamie Delcid contracted with HDL through Delcid's company, Third-Party Defendant Melian Trucking Corp. *Id.* at Ex. G.³  Plaintiff Walter Velasquez contracted with HDL through Velasquez's company, Third-Party Defendant Shorty's Trucking Corp. *Id.* at Ex. F.

The contracts between Plaintiffs and HDL (the "Contracts") are all captioned "Lease for Services of Owner-Operator (Independent Contractor)." *Id.* at Exs. A-F.  For present purposes, four features of the Contracts stand out.

First, the Contracts explicitly state that Plaintiffs are independent contractors, not employees.  Contract ¶ 11 ("[Plaintiffs] shall perform the [specified] Services as an independent contractors, and the Parties shall not be deemed for any purpose to be employer/employee . . . .").

Second, Paragraph 13 of the Contracts require Plaintiffs to perform certain services and assume certain responsibilities.  *See id.* ¶¶ 2(a)(iii) (supply properly trained and qualified drivers); 3 (assume responsibility for loading and unloading); 7 (pay HDL for valid claim of loss, damage, or non-delivery); 8 (pay for damage to shipments); 9 (maintain insurance coverage).

Third, the Contracts require Plaintiffs to indemnify HDL as follows:

> [Plaintiff] agrees to indemnify, defend and hold [HDL] . . . harmless from and against any and all losses, suits, actions, debts, demands, fines, judgments, damages, liability, costs, expenses (including reasonable attorneys' fees and court costs), obligations and claims including, without limit, for injury to persons, including death, and damage to property, including if brought by Owner's employees or agents, by reason of:
>
> > (iii)   . . . [Plaintiff's] breach of the terms and conditions of this Lease,
> >
> > (iv)    any misrepresentation(s) by [Plaintiff] . . .

Contract ¶ 13.

Fourth, the Contracts provide that Plaintiffs' "sole compensation" will be the compensation specified in the Contracts. *Id.* ¶ 14.

On August 30, 2012, Plaintiffs filed a six-count Complaint in New Jersey Superior Court alleging that they were misclassified as independent contractors when they were actually employees.  Compl., ECF No. 1; *see also* Pls.' Br. at 4, ECF No. 48-1 ("Simply put, the outcome of Plaintiffs' claims turn on whether Defendants misclassified [Plaintiffs] as independent contractors (rather than employees) under New Jersey law.").   Count 1

---

n.1, ECF No. 53; Answer ¶ 9.

³   The Melian contract does not mention Delcid, but Plaintiffs represent that Melian was formed by Delcid.  Weber Declaration ¶ 2, ECF No. 48-2.  As Plaintiffs' representation is undisputed, and as nothing turns on it, the Court will accept it for purposes of this motion.

seeks a declaratory judgment that Plaintiffs were employees. Counts 2-4, brought pursuant to the New Jersey Wage Payment Law, allege that HDL made improper deductions from Plaintiffs' compensation and failed to pay overtime. Counts 5 and 6 assert claims for unjust enrichment and quantum meruit.

On September 26, 2013, after the case had been removed to federal court, HDL filed an Amended Answer, along with a Third-Party Complaint and Counterclaim seeking indemnification. ECF No. 40. The Counterclaim was filed against Badia, Branch, Munoz, and Puca. The Third-Party Complaint was filed against G Rod Trucking, Inc. (Rodriguez's company), Melian Trucking Corp. (Delcid's company), and Shorty's Trucking Corp (Velasquez's company).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975).

A Complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). Claims have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Id.*

## III. DISCUSSION

Pending before the Court are two motions. First, there is a motion to dismiss the Counterclaim. This motion was filed by Plaintiffs/Counterclaim Defendants Badia, Branch, Munoz, and Puca. Second, there is a motion to dismiss the Third-Party Complaint. This motion was filed by Delcid, Rodriguez, and Velasquez—none of whom are named in the Third-Party Complaint.

### A. Motion to Dismiss the Counterclaim

While the Counterclaim is not divided into counts, HDL proceeds as if it were, and the Court will follow suit. "Count 1" of the Counterclaim asserts that if Plaintiffs were misclassified as independent contractors, HDL is entitled to indemnification under Paragraph 13. "Count 2" of the Counterclaim asserts that if HDL made impermissible deductions from Plaintiffs' pay, HDL is similarly entitled to indemnification. HDL does

4

not specify the source of its supposed right to indemnification under Count 2.

1. Count 1

As noted earlier, Paragraph 13 provides that Plaintiffs will indemnify HDL for claims brought "by reason of . . . (iii) [Plaintiff's] breach of the terms and conditions of this Lease, [and] (iv) any misrepresentation(s) by [Plaintiff]." Contract ¶ 13. In Count 1, HDL makes two principal arguments that it is entitled to indemnification under Paragraph 13. First, HDL argues that it is entitled to indemnification under Paragraph 13(iii)'s "breach of contract" provision because, HDL claims, Plaintiffs are claiming an entitlement to additional compensation, and are thereby attempting to breach the Contracts' compensation provisions. Second, HDL argues that it is entitled to indemnification under Paragraph 13(iv)'s "misrepresentation" provision because Plaintiffs misrepresented their status as independent contractors.

So as not to issue what could become an advisory opinion, the Court will reserve decision on the indemnification question. HDL concedes that Paragraph 13 applies *only* if HDL prevails on its independent contractor argument. Say the Court construes Paragraph 13 and concludes that its indemnification language covers Plaintiffs' claims. And say further that there was to be a finding that Plaintiffs were employees and not independent contractors. Given HDL's concession that Paragraph 13 fails to operate if Plaintiffs are employees, the Court's ruling about Paragraph 13 would then be purely academic. *Cf. Costello v. BeavEx Inc.*, No. 12-7843, 2013 WL 2156052, at *3 (N.D. Ill. May 17, 2013) ("[I]t would be premature to grant a Rule 12(b)(6) motion to dismiss an indemnity claim as preempted . . . where the counterclaim asserts the plaintiffs were independent contractors and not the defendant's employees."). To prevent this outcome, the Court will **DENY** the motion to dismiss Count 1.

2. Count 2

Count 2 of the Counterclaim responds to Counts 2 and 3 of Plaintiffs' Complaint, which seek to recover for impermissible deductions (*e.g.* deductions for damaged shipments) under the New Jersey Wage Law, N.J.S.A. 34:11-4.2 ("Section 4.2") and N.J.S.A. 34:11-4.4 ("Section 4.4"). Count 2 of the Counterclaim asserts that if Plaintiffs "side-step their Leases"—if Plaintiffs prevail on their misclassification argument—"HDL is still entitled to the recovery of expenses that [Plaintiffs] freely agreed to cover." Def.'s Br. at 12-13.

It appears that the theory underlying Count 2 of the Counterclaim is that regardless of whether the deductions set forth in the Contracts violate the New Jersey Wage Law, Plaintiff cannot recover the deductions because they agreed to them. This argument fails. With exceptions not relevant here, wage payment agreements that violate Sections 4.2 and 4.4 are "deemed null and void." N.J.S.A. 34:11-4.7. Accordingly, the Court will **DISMISS** Count 2 **WITH PREJUDICE**.

5

### B. Motion to Dismiss the Third-Party Complaint

Next, the Court considers the motion to dismiss the Third-Party Complaint filed by Rodriguez, Delcid, and Velasquez. The Third-Party Complaint names as Third-Party Defendants the following companies: G Rod Trucking, Inc., Melian Trucking Corp., and Shorty's Trucking Corp. The Third-Party Defendants are not moving to dismiss the Third-Party Complaint; instead, their owners are moving, in their individual capacities, to dismiss the Third-Party Complaint. After the Court contacted counsel to confirm that Rodriguez, Delcid, and Velasquez, in fact, intended to seek the dismissal of a pleading directed at legally distinct entities, Rodriguez, Delcid, and Velasquez asked the Court to deny their motion as moot. ECF No. 71. Accordingly, the motion to dismiss the Third-Party Complaint is **DENIED**.

### IV. CONCLUSION

For the foregoing reasons, the Court will **GRANT IN PART**, and **DENY IN PART** the motion to dismiss the Counterclaim. Count 2 of the Counterclaim is **DISMISSED WITH PREJUDICE**. Count 1 of the Counterclaim survives. The Court will **DENY** the motion to dismiss the Third-Party Complaint. An appropriate order follows.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: July 22, 2014**